| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| ANALISA ALFARO, <br>    Plaintiff, | § <br> § <br> § | |
| *versus* | § <br> § | CASE NO. 1:17-CV-00471-MAC |
| VICTORIA'S SECRET, <br>    Defendant. | § <br> § <br> § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

On December 10, 2018, United States Magistrate Judge Zack Hawthorn entered an order recommending dismissal of this case without prejudice for failure to prosecute under FED. R. CIV. P. 41(b) due to Plaintiff Analisa Alfaro's (Alfaro) failure to comply with a court order to: (1) file a response to Defendant Victoria's Secret (VSS) "Motion for Summary Judgment" (Doc. No. 33); (2) file a motion for leave to file an untimely motion for extension of time; or (3) file a stipulation of dismissal. Doc. No. 35.

VSS filed a limited objection to the report requesting that the court dismiss the case with prejudice due to Alfaro's conduct in failing to prosecute her case. Doc. No. 36. A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

VSS argues that not only does Alfaro's failure to abide by discovery requirements warrant dismissal of the case with prejudice, but that dismissal with prejudice should be based upon the previously filed "Motion for Summary Judgment." Doc. No. 33. But VSS does not offer any authority showing that a court is required to adjudicate a pending motion before dismissing a case for want of prosecution.

Further, while Alfaro's conduct is not laudatory, it does not rise to the level of warranting dismissal of the case with prejudice. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 n. 3–4 (5th Cir. 2006) (collecting authority regarding factor test for dismissing a case under Rule 41(b) with prejudice); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (explaining that dismissal with prejudice is reserved for egregious cases, usually where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of three aggravating factors: (1) delay attributable to the plaintiff rather than attorney, (2) actual prejudice to the defendant, and (3) delay caused by intentional conduct). The facts of this case do not rise to the level of egregiousness required under the Fifth Circuit's factor test. Therefore, VSS's objection that the claims should be dismissed with prejudice is overruled.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 35) is **ADOPTED,** VSS's objection is **OVERRULED**, and Alfaro's claims are dismissed without prejudice. A final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 9th day of January, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE